[No. 1666.   Decided April 17, 1895.]

G. KAUFMAN et ux., *Respondents*, v. TACOMA, OLYMPIA &
GRAY'S HARBOR RAILROAD COMPANY, *Appellant*.

CHANGE OF STREET GRADE FOR RAILROAD RIGHT OF WAY — DAMAGES TO
ABUTTING OWNERS — RIGHT OF RAILROAD TO OFFSET BENEFITS.

Where a city, under its charter, has complete control of its streets,
with power to change grades and authorize the construction of rail-
road tracks upon them, a railroad company which has been author-
ized by ordinance to construct its tracks along certain streets, occupies
the position of the city in the matter of liability to abutting property
owners, and is entitled to offset benefits thereto from the construction
of a tunnel and roadway in the street against the damages, under the
constitutional provision that damages shall be assessed for the dam-
aging of private property, irrespective of benefits, except in the case
of municipal corporations.

A railroad company is liable to abutting owners for the damages arising from the change of grade of a street and the tunneling of same for right of way purposes, when no provision otherwise is made in the ordinance granting it authority to use the streets of the city in that way; and in such case the city is not a necessary party defendant, the railroad company being the party ultimately liable.

Although a railroad company authorized by a city to alter, tunnel and plank a street may be entitled to offset benefits against damages to the abutting owner, it is not entitled to offset benefits against the damages to such owners occasioned by the running of its trains upon or under said street.

Proof of special damages is inadmissible when no allegation as to such damages is made in the pleadings.

*Appeal from Superior Court, Thurston County.*

*Ashton & Chapman,* for appellant.
*John R. Mitchell,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The plaintiffs were owners of a certain tract of land abutting on Seventh street in the city of Olympia, and had a residence thereon, and they brought this action for damages against the defendant for constructing its line of railway along said street. The grounds of damages alleged are in substance, that the defendant cut a deep tunnel along said street adjacent to the plaintiffs' premises, and constructed a railway through the same, and covered said tunnel with timbers and plank for the purpose of making a roadway along said Seventh street for public travel, thereby raising the grade of said street several feet above the grade that had been previously established by the city of Olympia, and leaving plaintiffs' lots at a depth of several feet below the top of said covered way; and that in the running of trains through said tunnel great quantities of smoke and sparks from the engines are thrown off; and that the noise produced by the trains

is very great, whereby the residence of the plaintiffs is endangered and rendered unsafe and uncomfortable, and the value of their said property greatly impaired and lessened.

The defendant answered, denying certain of the material matters alleged in the complaint, and pleaded by way of an affirmative defense, that it was a railroad corporation duly organized under the laws of this state; that the city of Olympia was and is a municipal corporation, created and existing under and by virtue of an act of the legislature of the territory, now state, of Washington, entitled "An act incorporating the city of Olympia," approved November 28, 1883, and under and by virtue of the laws of said state, and among other things alleged that the city of Olympia had granted to the defendant the right to construct, equip, maintain and operate its line of railroad over, along, through, across and under certain streets and alleys in said city, which included the street in controversy; and that the defendant had in all respects complied with the terms and conditions of said ordinance; and that by the construction and maintenance of the roadway, and the construction of said tunnel, the plaintiffs' property had been drained and otherwise greatly benefited.

A demurrer was interposed to this affirmative defense, which was sustained by the court. A trial was had and verdict and judgment rendered for the plaintiffs, from which the defendant has appealed.

It is contended that the court erred in sustaining the demurrer to this affirmative defense. By § 5 (Laws 1883, p. 109) of its charter the city of Olympia was granted exclusive control of all streets within its limits. By § 10 it was empowered to authorize or prevent the location and laying down of railway tracks and

street railways on all streets, alleys and public places; and this and other sections of the charter authorized the city, in case of the grading or improvement of streets, to assess the benefits against the contiguous property. The railroad was constructed after the adoption of the state constitution, which provides (art. 1, § 16) that damages shall be assessed for taking or damaging private property, irrespective of benefits, except in the case of municipal corporations. If the railroad company had appropriated or damaged any land of the respondents it could not have offset any benefits accruing to them; but in case the city should change the grade of, or improve, a street, it could offset benefits against any damages suffered by the parties interested. The charter provided that before private property should be taken or damaged, the damages should be ascertained and paid, and the constitutional provision aforesaid was to the same effect. This was not done, but the respondents saw fit to allow the work to proceed without attempting to restrain the performance of it, or to recover damages prior to its completion, and thus waived payment in advance and were confined to their right to bring an action to recover.

In enacting said ordinance the city made no provision for the payment, by the railroad company or otherwise, of any damages that might be caused thereunder to abutting property. We are of the opinion, however, as the change of grade was made upon the railroad company's motion, and for its benefit, that the fair inference to be drawn therefrom is that the railroad company was to be responsible therefor. In asking the change and accepting the rights conferred it should be held to have assumed all liability for damages occasioned thereby. But what was the measure of its liability? The material question is, was any

greater burden imposed upon it in this particular than rested upon the city? We think not. No land of the respondents was directly appropriated in building the road, as the land used was and continued to be a street. It was a contested question upon the argument of the case whether the fee to land occupied for streets rested in the city or in the abutting property owners. But we do not regard this question as material. The abutting property of the respondents might have been damaged although the fee was in the city. This court so held in *Hatch v. Tacoma, etc., R. R. Co.*, 6 Wash. 1 (32 Pac. 1063), which was a like action for this same work, and which is again before us on other questions, it, with a similar case brought by Silsby *et al.*, having been submitted herewith. The city changed the grade of the street and authorized its improvement by the construction of a tunnel and the building of a plank roadway thereover. This could have been done solely for a municipal purpose, and the special benefits arising therefrom could have been offset against, or, if blended therewith, taken into consideration in arriving at the damages sustained by abutting property owners.

As to the rule of damages, the constitutional provision aforesaid makes no distinction as to the purposes for which land is taken or damaged, except as it may be limited by the powers of the party taking, but it does make a distinction as to persons. A municipal corporation can assess or offset benefits. No other can. The city having changed the grade and authorized the improvement of the street as aforesaid, if it was an improvement, it should make no difference as to the rule of damages whether the city contracted for the performance of the work directly, or simply empowered

another party to perform it. This could not alter the case as to the respondents.

Suppose, after the enactment of the ordinance and the performance of the work in accordance therewith, the railroad company had seen fit to change the location of its road and had constructed it elsewhere. The improvement of this street was the city's property — the city's work — and in an action brought for damages, benefits could have been taken into consideration. The question is determined by determining who caused the injury, if any. Clearly the city changed the grade and authorized the improvement. No other power, unless possibly the legislature, could have done this. The railroad company had no such rights.

Upon the former appeal in the *Hatch case*, we said, in reversing it: "It is not shown or alleged that the city did any of the acts or things of which appellants complain." This statement of a fact may possibly need some qualification; at least, it must be understood, in so far as constructing the tunnel and building the roadway is concerned, as having reference to the actual performance of the work only; for it was and is conceded that the city passed the ordinance. That case was then before us on an appeal by the plaintiffs from an order of the lower court requiring them to make the city a party defendant, and we held it was not necessary for them to do so. The foregoing discussion may seem somewhat in conflict with that holding, but it is only nominally so, at most. Conceding that the plaintiffs could have primarily proceeded against the city for the construction of the tunnel and the change of grade, the city might have recovered any sum it was thus required to pay of the railroad company; conceding, if the railroad company and the city were both joined as defendants, as the

lower court held they should be, that the court could have determined the rights of the defendants as between them; it was not incumbent on the plaintiffs to make them both parties, and they did not elect to do so. As the railroad company would have been ultimately liable it could lose nothing by not having the city made a defendant also.

But the plaintiffs not only sought to recover for the cut and the grade, but damages occasioned by the running of trains as well. For this the railroad company was primarily and solely liable, and the city in no wise responsible. In any event, that holding became the law of the *Hatch case*, and the question is not raised in either of the others. In the *Hatch case* the railroad company had set up the ordinance aforesaid as a complete defense, and a majority of the court held that it did not constitute one. When the cause was remanded new pleadings were filed, and the answers of the railroad company in the three cases were similar. In so far as the property of the plaintiffs was specially benefited by the construction of the tunnel and roadway, these answers are a defense to the plaintiffs' action, except as to damages occasioned by the running of trains. As against the damages in this respect no benefits can be offset.

We have observed that some proof was admitted which was inconsistent with the rulings of the court in sustaining the demurrer, probably because such testimony was not objected to; but the whole case shows that the question of benefits was not fairly submitted to the jury, and the error of the court in sustaining the demurrer was not thereafter remedied.

Certain questions raised which relate to the instructions are connected with and dependent upon the

one above decided, and are substantially disposed of thereby.

Some proof was admitted relating to special damages sustained by the plaintiffs in several particulars, one of which was as to the necessity for and cost of building a certain bridge, and another as to making changes in sewerage connections. This proof was objected to on the ground that it was inadmissible under the pleadings, there being no allegations in the complaint of damages in the respects claimed; and we think the point was well taken. Plaintiffs were entitled to show only such damages as were the natural and necessary consequence of the changes that had been made by the defendant in the absence of any allegation as to special damages. Another relates to proof offered by the plaintiffs to show the cost of filling in the lot, or raising it to the grade as changed. We think this proof was objectionable also, as it was not alleged or shown that such filling was necessary. As all of these questions were of the same general character, it will be unnecessary to discuss each one in detail, what we have said being sufficient for the guidance of the court upon a re-trial of the cause.

Reversed and remanded for a new trial, with leave to the parties to amend their pleadings, if desired.

Hoyt, C. J., and Anders, J., concur.

Dunbar, J. (*dissenting*).—I dissent. I think all the material questions raised in this case were decided in favor of the respondents' contention in the case of *Hatch v. Tacoma, Olympia, etc., R. R. Co.*, 6 Wash. 1.

Gordon, J., having been of counsel, did not sit.