[No. 3426. Decided February 9, 1900.]

THE CITY OF SEATTLE, *Appellant,* v. FIDELITY TRUST COMPANY OF SEATTLE *et al., Respondents.*

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—VALIDITY.

Under Laws 1885-86, pp. 269, 270, requiring the appraisers appointed to assess damages, where lands were sought to be appropriated by the city of Seattle, to make their report within thirty days after appointment, their failure to report for seventy days after their appointment would invalidate the condemnation proceedings, and the record of the proceedings would consequently be inadmissible in subsequent proceedings for the purpose of establishing that an appropriation had been effected.

SAME—EVIDENCE.

Where the condemnation proceedings under which a city had attempted to appropriate certain lands were void, evidence is inadmissible to show the possession of such lands by the city, in

a subsequent action brought oy the city to condemn the same lands.

Appeal from Superior Court, King County. — Hon. ORANGE JACOBS, Judge.  Affirmed.

*William E. Humphrey* and *Edward Von Tobel,* for appellant.

*Martin, Joslin & Griffin,* for respondents.

The opinion of the court was delivered by°

DUNBAR, J.—The city of Seattle commenced this action against the respondents to condemn certain property for the improvement of First avenue, in said city.  The appellant offered to introduce in evidence the record of condemnation proceedings involving the land in question, which proceedings were instituted in 1889.  The court excluded the record of condemnation proceedings, and error is alleged on the action of the court in that respect. It was the opinion of the court that the statute in reference to the time the appraisers should make their report was mandatory.  The statute upon which the proceedings were inaugurated is found on pages 269, 270, § 100, Laws 1885-86, the material part of which is as follows:

"Such appraisers shall be sworn to faithfully execute their duties, according to the best of their ability.  They shall view the premises, and receive any legal evidence, and may adjourn from day to day, but shall make their report within thirty days from the time of their appointment.  They shall assess the damages sustained over and above the additional value of the property by reason of the change or improvement.  They shall sign their report and deliver the same to the clerk of the district court holding terms at Seattle, and if no objection is made thereto in the manner hereinafter prescribed, within twenty days thereafter the assessment shall be final, and the city shall pay the amount so assessed," etc.

The proceedings sought to be introduced show that the report of the referees appointed in that case was not made for about seventy days after their appointment, and it does not appear that any further proceedings were had. It is contended by the appellant that, under the rules of construction governing the actions of public officers, these proceedings were not void for not having been performed within the time required by statute; that the statute was simply directory, and, unless objections were made at the time, they were binding upon the respondents; and many cases are cited to sustain this rule. There is no doubt that the general rule is as urged by the appellant, but there is a distinction between the acts of officers which do not directly affect individual rights and those which do. Again, it is the well established and universal law that statutes delegating the right of eminent domain to corporations, being in derogation of common rights, are not to be extended by implication, but are to be strictly construed. 6 Am. & Eng. Enc. Law, p. 522. The taking of private property for public uses is in derogation of private right, and in hostility to the ordinary control of the citizen over his estate, and statutes authorizing its condemnation are not to be extended by inference or implication. *Spring Valley Water Works v. San Mateo Water Works,* 64 Cal. 123 (28 Pac. 447); *Prather v. Jeffersonville, M. & I. R. R. Co.,* 52 Ind. 36; *Southern Pacific R. R. Co. v. Wilson,* 49 Cal. 396.

Indeed, it seems the duty of the appraisers to report is made mandatory by the express provision of the statute in this respect, for the language is,

" They shall view the premises and receive any legal evidence, and may adjourn from day to day, but shall make their report within thirty days from the time of their appointment."

It may well be considered that for various reasons the legislature deemed a speedy adjustment of this question important.    At all events, the last clause above quoted seems to preclude them from adjourning from day to day for any greater length of time than the thirty days. Again, the record introduced, and the whole record in this case, conclusively shows that this was a stale proceeding, which was not only disregarded by the land owners, but was actually abandoned by the city, and we think the record was properly excluded by the court.  Having been thus properly excluded and held for naught, the court properly refused the testimony offered in relation to the possession of the land by the city; for, if the condemnation proceedings were void, no possession which the city might take would avail, without it was taken under some action of the respondents which amounted to a dedication, and the proof did not tend to show any dedication.

We have examined the other alleged errors in relation to the admission of testimony, and the instructions asked for, given, and refused, and we think no error was committed.    The instructions, as a whole, stated the law of the case.

The judgment is affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.