[No. 3518.    Decided    January    11,    1901.]

ISABEL C. JONES, *Respondent*, v. CITY OF SEATTLE, *Appellant*.

RES JUDICATA—NEGLIGENT GRADING OF STREET—ACTION FOR DAMAGES.

A decree awarding damages for the grading of a street, made prior to the improvement and specially confining the assessment of damages to the injuries resulting ordinarily from the grading of the street is not *res judicata* in a subsequent action to recover damages for injuries suffered by reason of negligence and unskillfulness in the grading.

MUNICIPAL CORPORATIONS—APPROPRIATION FOR STREET—MEASURE OF DAMAGES—INSTRUCTIONS.

In an action to recover damages for the appropriation of a portion of plaintiff's lot for street purposes, the court's instructions as to the measure of damages was proper, when it charged the jury that they might take into consideration the difference,

48—23 WASH.

if any, between the value of the lot before and after such portion was taken off, and that, if they should find that the lot was actually benefited by the grading, they could set off such benefit against the value of the strip taken.

SAME—ACTION FOR NEGLIGENT GRADING—DAMAGES—MISLEADING INSTRUCTIONS.

In an action to recover damages for the negligence of the city in so carelessly and unskillfully grading a street as to remove the lateral support of an adjoining lot, the action of the court in failing to instruct the jury as to the proper measure of damages, after charging them that the rule of damages that the difference between the market value of the property before it was damaged and the value after it was damaged was inapplicable, was so misleading as to constitute prejudicial error, when there was a substantial conflict in the evidence as to the estimates of damages made by the different witnesses.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

W. E. Humphrey and Edward Von Tobel, for appellant.

William H. Brinker, R. S. Jones and John Arthur, for respondent.

The opinion of the court was delivered by

REAVIS, J.—There are two causes of action stated in the complaint. The first is the appropriation of nine feet of plaintiff's premises for a street; the second, negligence in grading the street. The answer to the first cause of action set up certain condemnation proceedings taken by the city a number of years before, and that the land by virtue of such proceedings had been appropriated. The answer to the second cause of action, after denials, was the former adjudication of damages in a suit for damages to plaintiff's premises in the grading and improvement of the street.

The objections to the first cause of action are disposed of in Seattle v. Fidelity Trust Co., 22 Wash 154 (60 Pac.

133), where it was determined such proceedings for condemnation were void. The decree in the assessment of damages for the grading of the street was rendered before the grading was done, and specially confined the assessment of damages therein to the damages resulting from the ordinary grading of the street. The second cause of action in the present suit is for negligent and unskillful grading; that the plans were so inherently bad and the work so unskillfully done that it occasioned a subsidence of the soil supporting plaintiff's lot, and thereby injured plaintiff's premises. The instructions offered by defendant have all been examined, and we find no error in their rejection by the court. The jury returned a verdict of $500 damages on the first cause of action, for the appropriation of the nine feet. The evidence amply sustains the verdict, and the instruction of the court upon the measure of damages for the appropriation of the nine feet is correct. The court instructed the jury that they might take into consideration the difference, if any, between the value of the lot after the nine feet were taken off and before they were taken off, and that, if the jury should find that the lot was actually benefited by the grading, they could set off such benefit against the value of the strip taken off. Upon the second cause of action the court, in substance, instructed that, if the city brought to the performance of the grading ordinary care and skill, and was guilty of no negligence in either the plan or the execution of the work, then the amount recovered as damages in the former suit was full compensation; but if the city in doing the work had not exercised ordinary care and skill in either the plans or performance of the work, by which damage resulted to plaintiff, then plaintiff could recover all the damages resulting to her from the want of such care or skill on the part of the city. The court then added:

"The rule invoked, that the true rule of damages is the difference between the market value of the property taken or damaged, before it was thus taken or damaged, and its market value after it was so taken and alleged to be damaged, has no application to the second cause of action set forth in the complaint, which pertains principally to the sloping. The law allows no such defense to an action founded on negligence or want of care—due care and proper skill. This is all I desire to say to you on the second cause of action set forth in the complaint."

The defendant excepted to the instruction given upon the second cause of action in the following form:

"The defendant excepted to the above and foregoing charge for the reason that it was not an instruction upon the law of the case. It had no application to the law of the case, and had a tendency to mislead the jury; and for the further reason that the court did not in its instructions define what the measure of damages would be under the second cause of action, but only instructed the jury that the measure of damages would not be the difference in value between the property before the injury was done and the value of the property immediately after the injury was done."

The last exception taken is the only one deemed of any merit. It is perhaps unfortunate that the attention of the court and counsel in the progress of the trial seems to have been directed almost entirely to the legal import of the affirmative defenses to the two causes of action. The evidence sustaining the allegations of damage under the second cause of action was, as usually in proof of damages, somewhat conflicting in the value placed upon the premises before and after the grading was done; but substantial testimony supports the verdict, and, if a correct rule for the measurement of damages had been stated, the verdict should be sustained. The rule rejected was not wholly inapplicable. The instruction of the court, excluding the rule of damages of the difference between market value of

the property taken or damaged before it was taken or damaged, and the market value after it was so taken, as having no application to the second cause of action, was certainly misleading.   While it is true that the damages for the taking or appropriation of property or careful grading thereof are properly measured by the difference in value of the lot, considered as a unit, before the taking, and its value after the injury done, and the rule for the negligent or unskillful performance of such work may not be the same (that is, in damage by unskillful and negligent performance of the work all damages proximately arising therefrom are recoverable), in the second cause of action stated in the complaint before us the elements of damage stated are referable to the lot and improvements thereon alone. For the removal of lateral support to land the rule is stated by Mr. Sutherland in his work on Damages (vol. 3 [2d ed.], § 1053):

"The measure is not the cost of restoring the lot to its former situation, or building a wall to support it, but it is the diminution of value by reason of the defendant's act.   In estimating the difference in the value of the land, the entire lot and the improvements on it may be taken as the value of the land alone.   All the damages which may reasonably be apprehended to result from the wrong done are recoverable in one action."

And 3 Sedgwick, Damages (8th ed.), § 939, thus states the rule:

"In an action to recover for injuries to the plaintiff's land, occasioned by its falling in, in consequence of excavations made by the defendant in his own land adjoining, the measure of damages is not what it will cost to restore the lot to its former condition, or to build a wall to support it, but the amount by which the lot is diminished in value by reason of the acts of the defendant."

See, also, *Keating v. Cincinnati,* 38 Ohio St. 141 (43 Am. Rep. 421); *Williams v. Missouri Furnace Co.,* 13 Mo. App. 70.

The court cannot omit, when its attention is directed to the issues of the trial, to instruct upon a material issue. Certainly an instruction upon the measure of damages alleged in the second cause of action should have been given. It will be observed that the defendant's exception to the rejection of the rule and to the omission to instruct was duly taken. The court stated a rule which it deemed inapplicable, and did not direct any rule. The jury were, therefore, not advised as to how the damages should be estimated.

It is urged with much force, however, by counsel for respondent, that notwithstanding this error the verdict is right and should be affirmed. But, as has been observed, there was substantial conflict in the evidence as to the estimate of damages by the witnesses, and we cannot say it affirmatively appears that there was no injury. We think, as a matter of legal right, the defendant was entitled to have the jury instructed properly upon the measure of damages, and upon this assignment of error alone the cause is reversed and remanded for a new trial.

FULLERTON and ANDERS, JJ., concur.