[No. 5408.  Decided February 6, 1905.]

LINCOLN  COUNTY,  *Respondent,*  v.  JACKSON  BROCK,
*Appellant.*[1]

EMINENT  DOMAIN—APPROPRIATION  BY  COUNTY  FOR  HIGHWAY—
DAMAGES—OFFSETTING  BENEFITS—COUNTIES—MUNICIPAL  CORPORA-
TIONS.  In a proceeding to appropriate lands for a county road,
benefits accruing to the defendant's land by the establishment
of the highway may be offset against the damages for the land
taken, since a county is a municipal corporation within the ex-
ception of Const., art. 1, § 16.

DAMAGES—VERDICT—EXACT  AMOUNT  TENDERED.  No inference
can be drawn against sustaining a verdict for the value of land
because the same is in the exact amount tendered, where the court
instructed the jury that, by reason of said tender, no less amount
could be allowed.

Appeal by defendant from a judgment of the superior
court for Lincoln county, Neal, J., entered May 19, 1904,
upon the verdict of a jury assessing damages for the value
of land, after a trial on the merits in a condemnation pro-
ceeding.  Affirmed.

*Myers & Warren,* for appellant, cited:  *People v. Mc-
Fadden* (Cal.), 22 Pac. 854; *Askew v. Hale County,* 54
Ala. 639, 25 Am. Rep. 730; Dillon, Mun. Corp. (2d ed.),
§ 10; *Com'rs of Hamilton County v. Mighels,* 7 Ohio St.
109; *Williamsport v. Commonwealth,* 84 Pa. St. 487, 24
Am. Rep. 208; *Schweiss v. District Court,* 23 Nev. 226,
45 Pac. 289.

*R. M. Dye,* for respondent.

CROW, J.—This action was brought by Lincoln county,
for the purpose of condemning certain real estate for a
public road.  The jury assessed appellant's damages at

[1]Reported in 79 Pac. 477.

$202.25, the exact amount which theretofore had been tendered by the county, and refused by appellant. Judgment of condemnation was made and entered, and this appeal is taken therefrom.

Appellant's first assignment of error is that the court erred in giving the following instruction to the jury:

"In estimating defendant's damages, you may take into consideration the difference, if any, between the value of the defendant's land after the highway is appropriated and built, as compared with its value before; and if the jury finds that defendant's land will be actually benefited by the construction of said proposed highway, you should offset such benefit against any damages which you may find."

Appellant's main contention for a reversal is based on the above instruction, he claiming that no benefits, accruing to appellant's land on account of the proposed establishment of the highway, should be offset against any damages the jury might find. Section 16, art. 1, of our state constitution, provides:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of *any corporation other than municipal* until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law."

Appellant practically concedes that, under the holdings of this court in *Lewis v. Seattle,* 5 Wash. 741, 32 Pac. 794, and *Kaufman v. Tacoma etc. R. Co.,* 11 Wash. 632, 40 Pac. 137, the instruction of the trial court was not erroneous, if a county in this state is a municipal corporation, in contemplation of said § 16, art. 1, of the constitution. Ap-

pellant contends, however, that a county is not such a municipal corporation. We do not think this contention can be sustained.   We construe the words "any corporation other than municipal," in said section, as referring to private corporations only, and, as distinguished therefrom, excluding all public or political corporations.   That the words "municipal corporations," in this state, frequently include counties clearly appears from other sections of the constitution.   In § 2, art. 7, we find the words, "state, *counties,* school districts, and other municipal corporations;" in § 6, art. 8, the words, "No *county,* city, town, school district, or other municipal corporation;" in § 7, art. 8, the words, "No *county,* city, town, or other municipal corporation;" in § 12, art. 11, the words, *"counties,* cities, towns, or other municipal corporations;" and in § 15, art. 11, the words, "any *county,* city, town, or other public or municipal corporation."   This court, in *Board of Directors v. Peterson,* 4 Wash. 147, 29 Pac. 995, in commenting on the words, "no county, city, town, school district, or other municipal corporation," found in § 6, art. 8, of the constitution, at page 151, said:

"We are forced to the conclusion that every public corporation formed by the state for the purpose of carrying out any of the duties which the state owes to any locality, and which by its terms are made alike applicable to all the inhabitants of the district or locality affected thereby, must be held to be included within the 'other municipal corporations,' named in said section."

That counties in this state are public corporations clearly appears from Bal. Code, § 265, reading as follows: "The several counties of this state shall have capacity as bodies corporate to sue and be sued in the manner prescribed by law," etc.   In *Maxon v. School District No. 34,* 5 Wash. 142, 31 Pac. 462, 32 Pac. 110, this court held that, for certain purposes, school districts are municipal corpora-

tions, within the contemplation of the legislative and constitutional enactments of this state. For the purpose of general designation, it is not uncommon to use the term "municipal corporations" in a sense including *quasi* corporations to distinguish public or political corporations from those which are termed private. 7 Am. & Eng. Enc. Law, 902; *Laramie County v. Albany County,* 92 U. S. 307, 23 L. Ed. 552; *Tippecanoe County v. Lucas,* 93 U. S. 108, 23 L. Ed. 822; *Mount Pleasant v. Beckwith,* 100 U. S. 524, 25 L. Ed. 699.

It is our construction that the words, "any corporation other than municipal," as used in § 16, art. 1, of the constitution, are intended to exclude public or political corporations, as distinguished from private corporations. We are therefore of the opinion that a county, in the state of Washington, should be considered a municipal corporation, under said section, and, for this reason, hold that the court did not err in the instruction given.

The appellant also claims that the court erred in rendering a decree for the plaintiff, and refusing to grant appellant a new trial. In support of this contention, appellant urges that the jury found a verdict for the sum of $202.25, the exact amount allowed by the county commissioners, and that the amount allowed was scarcely sufficient to pay for the land taken at its actual value, as shown by the evidence. We have examined the evidence, and are fully satisfied that it is sufficient to sustain the verdict of the jury. We do not think any inference can be drawn from the fact that the verdict was for $202.25, as the court instructed the jury that, by reason of said sum having been tendered by the county, no less amount could be allowed; and we are not at liberty to assume that the jury might not have awarded even a less sum, had it not been for such instruction.

We find no error in the record, and the judgment is therefore affirmed.

MOUNT, C. J., DUNBAR, RUDKIN, and ROOT, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.