[No. 5876. Decided April 4, 1906.]

## SPOKANE TRACTION COMPANY, *Respondent*, v. LOUIS GRANATH *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—SPECIAL BENEFITS—BRIDGES. The building of a bridge and opening of the same for highway purposes is a special benefit to property abutting on the approach, which may be offset against the damages from a change of grade of the street.

SAME—BRIDGE BUILT BY STREET RAILWAY—OFFSET OF BENEFITS. Where a street railway company, under direction of the city, builds a bridge which is to be open to public travel, the special benefits to abutting property may be offset against the damages, as if the city had done the work exclusively for its own benefit.

SAME—EVIDENCE OF SPECIAL BENEFITS—HARMLESS ERROR. Upon an issue as to special benefits to be offset against the damages to abutting property, the admission of evidence improper in form is not prejudicial error when the cause was tried before the court without a jury.

SAME—ALLOWANCE OF DAMAGES—IMPROVEMENTS. In estimating the benefits and damages to property abutting upon an improvement, it is not error to allow damages to the owner of the fee and not allow damages to the owner of the improvements thereon.

Appeal by defendants from a judgment of the superior court for Spokane county, Huneke, J., entered April 12, 1905, upon findings in favor of the plaintiff, after a trial before the court without a jury, assessing the damages of the defendants from a change in grade, etc. Affirmed.

[1]Reported in 85 Pac. 261.

*W. J. Thayer* and *A. E. Gallagher,* for appellants.
*Graves & Graves* and *H. B. Kizer* for respondent.

ROOT, J.—This action was brought by petitioner, a street railway corporation, to have assessed the amount of damages sustained by appellants by reason of damage to their property caused by improvements which respondent railway company intended to make. The contemplated improvements consisted of the erection of a high bridge upon Boone avenue, over the Spokane river, and the grading of Boone avenue toward the east from said river, in the city of Spokane. The property of appellants is situated on the south side of said avenue, abutting thereon, and close to the river. The following diagram will show the relative positions of the river, streets, lots and blocks, referred to herein.

The grade as constructed by respondent on Boone avenue, east of the river and in front of appellants' property, varied in height from 13.5 feet to 5.4 feet, the highest point of the grade being near the bridge. Prior to the construction of the bridge and grade, appellants' property was on a level with Boone avenue, and with Helena and Hogan and South Riverton streets.

The case was tried before the court, sitting without a jury, and findings of fact and conclusions of law were made and filed. A part of finding numbered 8 reads as follows:

"Block 5 was damaged by the change in the grade of Boone avenue and the construction of the bridge, over and above the benefits accruing to it from said improvement in the sum of

one dollar. Lot 1, in block 24, was damaged by the construction of the bridge and the grading of Boone avenue, over and above the benefits accruing to it from the improvement, in the sum of $90. The fee simple interest in lot 2, in block 24, was damaged by the construction of the bridge and the grading of Boone avenue, over and above the benefits it received from said improvements in the sum of $52.50, while the leasehold interest in said lot 2 was damaged in the sum of one dollar."

In a finding referring to the improvements upon block 5, and lot 1, of block 24, the court said:

"These improvements were not depreciated in value over and above the benefit accruing from the improvement in any sum whatsoever, and therefore I have made no allowances for damages thereto in fixing the amounts above specified."

The principal contention made by the appellants is that the lower court permitted the benefits which accrued to appellants' property by reason of the construction of the bridge across the river to be offset against the damages caused to their property by reason of the grading and filling of the street in front thereof, urging that said benefits were not special but general. It is shown that the construction of this bridge, and the grading and filling of the street in front of said premises, were parts of one and the same plan of the improvement in that vicinity. The city had granted the street railway company an ordinance which required them, upon the construction of their bridge across the river, to maintain the same as a thoroughfare for the use of the public, and required them also to lay their tracks upon Boone avenue, east of the river, so that said tracks would be flush with the grade established for said street. In order to comply with this last mentioned requirement, it was necessary for the railway company to fill in the street extending from the end of the bridge and past the property of the appellants, and further on to make a considerable cut in order to get a practicable grade from the end of said bridge to that portion of the street

lying some distance from the river—there being quite a bluff
or elevation extending along the river and some little dis-
tance therefrom.

Appellants claim that the building of this bridge and the
opening and maintenance of the same for highway purposes
was a benefit to their property of the same character enjoyed
by property owners generally in all that portion of the city,
and for this reason could not be deemed "special," as that
term is understood in connection with matters of this kind.
We do not think this contention can be upheld./ The con-
struction and maintenance of a bridge across the river, with
one terminus almost immediately in front of appellants'
property, furnished an advantage of access to and from the
business portions of the city that was of special value to said
property. Doubtless many other pieces of property in that
immediate vicinity were likewise specially benefited, but we
think that the advantages and the increase of value which
would of necessity come to this particular property by rea-
son of the construction and maintenance of said bridge, as
aforesaid, was such as to characterize these benefits as special,
and such as should be offset against the damages. Not only
was the bridge itself a special benefit, but the improvement
consisted in so grading the street as to make a thoroughfare
past appellants' property to and from the end of the bridge
and to that portion of the city lying to the eastward./ It is
difficult to distinguish this from those cases occurring con-
tinually where property is being assessed for the improve-
ment of streets in front of or adjacent thereto.

Appellants urge that the court was in error in permitting
the respondent company to amend its petition by striking
out the words "irrespective of benefits." Their contention
appears to be that, as this work was being done, or to be done,
by the railway company, it was not entitled to offset bene-
fits against damages. But the record shows that the work
was done by the railway company under the direction, au-

thority and supervision of the city, and for the benefit of the latter as well as the railway company. Under circumstances of this kind, it is in effect the same as if the work was done by the city through a contractor exclusively for its own benefit. This being true, the right to offset benefits cannot be questioned. *Kaufman v. Tacoma etc. R. Co.,* 11 Wash. 632, 40 Pac. 137.

Appellants take exception to the action of the court in overruling objections made to questions asked by respondent relative to the benefits and damages, claiming that said questions were such as to call from the witness an estimate of the entire benefits without reference to their being special or general. While the form of the questions may not have been the most accurate, yet we do not believe any prejudicial error was occasioned thereby. The case having been tried by the court without a jury, it may well be presumed that the court considered and weighed the evidence with reference to those benefits which, under the law, could be deemed special, and it is so reviewed here.

It is urged that the court was in error in not making an allowance for damages to the improvements upon the lots and blocks in question, and it is claimed that damages should have been allowed to the owner of the improvements in the same proportion as was allowed to the owners of the fee. We do not think the record shows any error in this particular. The trial court heard all the evidence and personally viewed the premises. It does not necessarily follow that the improvements would be damaged in the same proportion as the land itself. While the use of the improvements might depend much upon the condition and value of the land, yet as an item of personal property, they could hardly be said to be injured by what took place in the street in front of the real estate, except in an indirect manner. We are not disposed to change the findings of the trial court in this particular.

In support of our conclusion as to what constitutes special

benefits in cases of this character, we call attention to the following cases:

*Lewis v. Seattle,* 5 Wash. 741, 32 Pac. 794, where this court, among other things, said:

"It is generally held that only such benefits as are special and peculiar to the particular property can be taken into consideration. But the laying out or widening of a street may be a special benefit to the property abutting thereon, and this benefit may be offset against the damages to the owner whose land is taken therefor, although parties upon the opposite side of the street are similarly benefited and are not chargeable therewith, for the reason that none of their lands were appropriated and no damages were claimed by them."

*Hilbourne v. Suffolk,* 120 Mass. 393, 21 Am. Rep. 522, where it was said:

"The advantages that an abutter may receive from his location on a highway laid out, altered or widened, are none the less peculiar and special to him because other estates on the street receive special and peculiar benefits of a similar kind. *Allen v. Charlestown,* 109 Mass. 243. The ruling in that case, held to be bad, was that if all the estates abutting on the street are benefited in a similar manner, the amount of his benefits cannot be deducted from the damages of any abutter."

*Metropolitan etc. R. Co. v. Stickney,* 150 Ill. 362, 37 N. E. 1098, 26 L. R. A. 773, where this language was employed:

"If a piece of property is enhanced in value, such enhancement—or, in other words, benefit to the property, cannot be said to be common to any other piece of property. Each piece of property specially enhanced in value is thus specially benefited within itself, and irrespective of the benefit that may be conferred by the improvement upon other properties. It follows, necessarily, that where the benefits are designated as 'general benefits,' 'benefits common to other property,' and the like expressions, to be found in decided cases, it is meant those general, intangible benefits which are supposed to flow to the general public from a public improvement. Thus, the paving of a street in a city may confer

special benefits upon properties near it by an increase in their value, and at the same time, by the convenience afforded the general public, confer a general benefit. So a railroad built through a town or through the country may be a general benefit, by affording additional facilities for travel and commerce, and thereby be a benefit to the community at large. But the effect of such general benefits upon any particular piece of property would be impossible of ascertainment, and speculative, and it has always been held that such benefits are not to be considered for that reason."

*Kirkendall v. Omaha,* 39 Neb. 1, 57 N. W. 752, where the supreme court of Nebraska spoke as follows:

"The word 'common' is ordinarily understood to apply to the general public, when not qualified by some word or phrase of limitation. The term 'general benefits,' when unqualified, should probably be accepted in the same sense as the term 'common benefits'; that is to say, when there is no limitation expressed, it should be deemed applicable to the general public, rather than as embracing as general but a limited part of the public. . . . The term 'special benefits' implies benefits, such as are conferred specially upon private property by public improvement, as distinguished from such benefits as the general public is entitled to receive therefrom. . . . If the improvement should result in an increase in the value to adjacent property, which increase is enjoyed by other adjacent property owners as to the property of each exclusively, the benefit is special; and it is none the less so because several adjacent lot owners derive in like manner special benefits each to his own individual property."

We think the findings of the trial court are sustained by the evidence, and that the conclusions based thereupon were correct.

No reversible error appearing in the record, the judgment of the superior court is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, DUNBAR, CROW, and RUDKIN, JJ., concur.