[No. 7253.   Decided July 11, 1908.]

## KITSAP COUNTY, *Respondent*, v. MARINUS MELKER *et al.*, *Appellants.*[1]

EMINENT DOMAIN—PROCEEDINGS—NOTICE—SERVICE OF PETITION— COUNTY ROAD.  Under Bal. Code, § 5638, requiring that the notice in condemnation for a county road shall state when the petition will be heard and contain a brief recital of the objects of the petition, it is not necessary to serve a copy of the petition with the notice.

SAME—NOTICE—SUFFICIENCY.  A notice in condemnation for a county road under Bal. Code, § 5638, need not contain the name of the proposed road, nor a description of property remaining to the owners after condemnation, nor reference to compensation to be awarded; but is sufficient where it complies with the statute.

SAME—TIME FOR FILING PETITION.  The time of filing a petition for the condemnation of a county road is not jurisdictional, the statute not providing when it shall be filed, and it is sufficient if filed on the return day.

SAME—HEARING—CONTINUANCE — FAILURE TO ORDER — NOTICE OF HEARING.  A failure to hear a condemnation proceeding on the return day, and adjourning without continuance to a day certain, does not work a discontinuance of the proceedings, but the same can be brought on for hearing by notice as provided for an ordinary civil action.

SAME—ORDER OF DEFAULT—APPEAL—HARMLESS ERROR.  An order of default against owners appearing specially to object to condemnation proceedings for a county road is without prejudice where they were permitted to appear and be heard on the question of damages.

SAME—ADJUDICATION OF PUBLIC USE—NECESSITY.  If an order is necessary adjudging a public use for the condemnation of a county road, failure to enter it prior to setting the cause for hearing on the question of damages would be but an irregularity without prejudice.

SAME—COMPENSATION—SET-OFF—BENEFITS TO LANDS NOT TAKEN. The constitutional requirement (art. 1, § 16) that property taken or damaged be paid for irrespective of benefits conferred on the land not taken, does not apply to condemnations for the purposes of a county road.

SAME—ASSESSMENT OF DAMAGES—VERDICT—NOMINAL DAMAGES. In a condemnation proceeding an award of nominal damages is a sufficient verdict.

[1]Reported in 96 Pac. 695.

·Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered January 6, 1908, upon the verdict of a jury assessing nominal damages in a proceeding to condemn a right of way for a county road.   Affirmed.

*James W. Bryan,* for appellants.

*C. D. Sutton,* for respondent.

FULLERTON, J.—This is an appeal from a judgment entered in an action brought by the county of Kitsap against the appellants to condemn a right of way for a county road across the appellants' land.   The several assignments of error all relate to the proceedings had in the superior court, and will be noticed in their order.

On serving the statutory notice of the institution of the proceedings, provided for by Bal. Code, § 5638 (P. C. § 5103), the county did not serve therewith a copy of the petition provided for in the next preceding section, and it is thought from this fact that the court did not acquire jurisdiction of the persons of the appellants, and hence was without jurisdiction to enter the judgment of condemnation. An examination of the statute, however, convinces us that it was not the intention to require that the petition be served along with the notice.   The statute does not in terms so provide, and any inferences that arise from what is provided seem to point the other way.   In addition to the requirement that the notice shall state the time when and the place where the petition will be presented to the court, it is required that it shall contain a brief recital of the objects of the petition and a description of the property sought to be appropriated. This latter requirement would be useless were it intended that the petition should be served along with the notice, as the petition itself could be relied upon to inform the persons served of its own contents.   But it is said that the notice did not contain the name of the proposed road, nor a description of the property remaining belonging to the owners after the

part required for the road should be taken, nor did it contain any reference to compensation to be awarded as damages to the property not taken. But as to these objections, it is sufficient to say that the statute does not require the notice to contain these matters. It did contain a description by courses and distances of the proposed road, a description of the property proposed to be taken belonging to the appellants, and a statement to the effect that the county would ask to have the property described condemned for a county highway, and that just compensation be awarded the owners for the property taken or damaged, to be ascertained either by a jury or by the court as the law prescribes. This was a sufficient compliance with the statute.

The petition was not filed until the return day of the notice, and it is objected that this is fatal to the proceedings. But aside from the fact that the statute does not provide for filing the petition at any particular time, the time of its filing is not jurisdictional. While the statute contemplates that the petition shall be filed in court at some stage of the proceedings, it is not material whether it be filed before or at the time of the issuance of the notice or at the time of its return.

On the return day provided for in the notice, the appellants appeared specially and filed a motion to quash the proceedings. No further proceedings were taken therein until some time later, when the county noticed the proceedings for hearing in the manner provided for bringing on for hearing ordinary civil causes. In response to the notice, the appellants again appeared specially and objected to the hearing on the ground that the court had lost jurisdiction over the cause, even if it had originally acquired it, because the cause had not been continued on the first appearance of the parties to a time certain, and this objection is urged in this court as a ground for vacating the judgment. The statutes relating to proceedings in eminent domain seem to lend color to the claim that the statute contemplates either a hearing and determina-

tion of the cause on the return day or a continuance to a day
certain, but we think a failure to do one or the other of these
things cannot work a discontinuance of the proceedings.   The
superior court has jurisdiction over the subject-matter of the
proceedings by virtue of the statute, and acquires jurisdic-
tion over the persons of the owners of the property sought to
be condemned by the service of the prescribed notice, and it
does not lose jurisdiction by a failure to make an order of
continuance.   The proceedings stand as a cause pending, like
an ordinary pending civil action, and can be brought on for
hearing by notice such as the statute provides for bringing
on for hearing the issues made in an ordinary civil action.
As the county followed this procedure in the present pro-
ceeding, we hold it to be regular.

It is next complained that the appellants were prejudiced
by an order of default entered against them because they
failed to make a general appearance in the cause, but we find
nothing in the record to substantiate the complaint.   The
order may have been unnecessary, but as the appellants were
permitted to appear before the jury, both in person and with
witnesses, and show the amount of damages suffered by them
by reason of the establishment of the proposed highway, the
order was utterly immaterial.   Outside of their right to ques-
tion the power and jurisdiction of the court to order an ap-
propriation of their property—a question they did suggest at
every stage of the proceedings—the right to show the dam-
ages suffered by them was their only right.   And as the court
gave them ample opportunity to do this, we do not see in
what way they were prejudiced.

The court did not enter the order adjudging the use sought
to be made of the property proposed to be taken to be a
public use until after it had set the case down for trial as to
the damages.   This is thought also to require a dismissal of
the proceedings.   It may be questioned whether the order
was necessary at all under the authority of the case of *State*

*ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69 Pac. 366, but, if such an order was necessary, failure to enter it prior to setting the case for hearing on the question of damages was but an irregularity which in no manner could prejudice the appellants.

The court instructed the jury that, in estimating the appellants' damages, they could take into consideration the difference, if any, between the value of the land after the road should be established and its present value; and that, if they found that the land would be actually benefited by the establishment of the proposed road, they should offset the benefits so found against any damages the appellants would suffer by such establishment, finding in favor of the land owner for nominal damages in any event. It is urged that this instruction is in violation of § 16 of art. 1 of the state constitution, as that section, properly construed, forbids the appropriation of property for a right of way until full compensation is made therefor irrespective of any benefit to the remaining property caused by the location of a public highway over the lands so taken. But this court has given this section of the constitution the opposite construction. We have held that the requirement that the property taken or damaged be paid for irrespective of the benefits conferred on the remainder did not apply where the taking was by a municipal corporation, but that the rule followed by the trial court prevailed in such cases. *Lewis v. Seattle*, 5 Wash. 741, 32 Pac. 794; *Kaufman v. Tacoma, Olympia & G. H. R. Co.*, 11 Wash. 632, 40 Pac. 137; *Jones v. Seattle*, 23 Wash. 753, 63 Pac. 553; *Lincoln County v. Brock*, 37 Wash. 14, 79 Pac. 477; *Spokane Traction Co. v. Granath*, 42 Wash. 506, 85 Pac. 261. If the question were one of first impression, the proper construction of this section of the constitution might be debatable, but these cases foreclose the question. The rule is too firmly established to be departed from.

The appellants also seem to question the sufficiency of the evidence to sustain the several verdicts awarding damages to the different claimants, but a perusal of the record clearly shows substantial evidence sustaining each of the verdicts, and this is sufficient in this court.

The jury returned verdicts finding in favor of certain of the appellants for nominal damages only. It is objected that this is insufficient, as the jury should have been required to find specifically the amount of damages suffered and the amount of benefits conferred. But this objection is untenable. The ultimate conclusion of the jury is all that is necessary to be returned to constitute a legal verdict.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, ROOT, DUNBAR, and CROW, JJ., concur.