[No. 13261.  Department Two.  July 11, 1916.]

KING COUNTY, *Respondent*, v. CRAWFORD & CONOVER
et al., *Appellants*.[1]

EMINENT DOMAIN—BY COUNTY—OFFSET OF BENEFITS—STATUTES. In condemnation by a county for a county road, benefits to the property not taken may be offset against the market value of the land taken, under Const., art. 1, § 16, providing that no property shall be taken without just compensation and no right of way appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money or paid, irrespective of any benefit from any improvement proposed by such corporation; as the county is a municipal corporation.

SAME. Such constitutional right is not taken from the county by Rem. & Bal. Code, § 5635, providing that the proceedings for condemnation of a county road shall be instituted "in the manner provided by law for the taking of private property for public use," which by Id., §§ 921 and 926, provides for compensation irrespective of benefits.

SAME—MEASURE OF DAMAGES. In condemnation for a county road, an instruction that the owner is entitled to an award of damages based upon the highest and best use from a money standpoint to which the land was adapted or might be applied is improper, the measure of damages being the fair cash market value, taking into consideration any use to which it may reasonably be adapted.

Appeal by defendants from a judgment of the superior court for King county, Dykeman, J., entered September 1, 1915, upon the verdict of a jury rendered in favor of the defendants, awarding damages in condemnation proceedings. Affirmed.

*James A. Haight*, for appellants.

*Alfred H. Lundin* and *Edwin C. Ewing*, for respondent.

MAIN, J.—The defendants were the owners of a certain tract of land in King county.  Over and across this land the board of county commissioners desired to lay out and open a county road.  For this purpose an action was instituted

[1]Reported in 158 Pac. 733.

for the condemning of a strip of land necessary for the highway. From the judgment entered upon the verdict of a jury, the defendants appeal.

In submitting the cause to the jury, the trial court instructed that the benefits that would accrue to the portion of the land not taken, if any, should be offset against the market value of that taken. The appellants requested an instruction to the effect that benefits could not be offset against the value of the land taken. The first question, therefore, is whether, in condemning land for a county road, the benefits that may accrue to the portion of the tract of land not taken may be offset against the market value of the portion taken.

In § 16, art. 1, of the state constitution, it is provided:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation  . . ."

This provision of the constitution has been construed as giving the right to a municipal corporation when condemning land to offset benefits to the portion of the tract not taken against the market value of that portion taken by the condemnation. *Lewis v. Seattle*, 5 Wash. 741, 32 Pac. 794; *Kaufman v. Tacoma, Olympia & G. H. R. Co.*, 11 Wash. 632, 40 Pac. 137; *Jones v. Seattle*, 23 Wash. 753, 63 Pac. 553; *Lincoln County v. Brock*, 37 Wash. 14, 79 Pac. 477; *Spokane Traction Co. v. Granath*, 42 Wash. 506, 85 Pac. 261; *Kitsap County v. Melker*, 50 Wash. 29, 96 Pac. 695.

In the case last cited it was said:

"The court instructed the jury that, in estimating the appellants' damages, they could take into consideration the difference, if any, between the value of the land after the road

should be established and its present value; and that, if they found that the land would be actually benefited by the establishment of the proposed road, they should offset the benefits so found against any damages the appellants would suffer by such establishment, finding in favor of the land owner for nominal damages in any event. It is urged that this instruction is in violation of § 16 of art. 1 of the state constitution, as that section, properly construed, forbids the appropriation of property for a right of way until full compensation is made therefor irrespective of any benefit to the remaining property caused by the location of a public highway over the lands so taken. But this court has given this section of the constitution the opposite construction. We have held that the requirement that the property taken or damaged be paid for irrespective of the benefits conferred on the remainder did not apply where the taking was by a municipal corporation, but that the rule followed by the trial court prevailed in such cases. (Citing authorities). If the question were one of first impression, the proper construction of this section of the constitution might be debatable, but these cases foreclose the question. The rule is too firmly established to be departed from."

In *Lincoln County v. Brock, supra,* it was held that the words in the section of the constitution quoted, "any corporation other than municipal," refer to private corporations only, and that a county should be considered a municipal corporation within the terms of the constitutional provision. It was there said:

"It is our construction that the words 'any corporation other than municipal,' as used in § 16, art. 1, of the constitution, are intended to exclude public or political corporations, as distinguished from private corporations. We are therefore of the opinion that a county, in the state of Washington, should be considered a municipal corporation, under said section, and, for this reason, hold that the court did not err in the instruction given."

The force of the decisions cited is recognized by the appellants; but it is claimed by them that, under certain statutory provisions, benefits cannot be offset against the value of the

property taken. Section 5635, Rem. & Bal. Code, provides that, if the award of damages made by the board of county commissioners be not accepted, the board shall direct that a proceeding be instituted in the superior court "in the manner provided by law for the taking of private property for public use, and to that end are hereby authorized to institute and maintain in the name of the county the proceedings provided in sections nine hundred and twenty-one to nine hundred and thirty-six of this code . . ." For the procedure in such a condemnation proceeding we must look to the sections of the statute to which this section refers. Section 921 provides that any corporation authorized by law to appropriate land for a right of way may present to the superior court of the county in which the land is situated a petition in which the land shall be described, and the name of the owner or owners set forth, "and praying that a jury be impaneled to ascertain and determine the compensation to be made in money, irrespective of any benefit from any improvement proposed by such corporation . . ."

Section 926 provides for the manner of conducting the trial, and that the jury shall assess the damages to any owner or owners of the land taken "irrespective of any benefit from any improvement proposed by such corporation."

The two sections of the statute last referred to, and the intervening sections, define the necessary steps in the procedure when a corporation other than municipal is seeking to condemn land for its corporate purposes.

The appellants claim that, since § 5635 refers to §§ 921 to 936 for the procedure, a petition for condemnation is insufficient which prays for an award of damages in favor of the defendants in the action after deducting from the value of the property taken the benefits, as did the petition in this case.

The right of the county to offset benefits against the value of the land taken is derived from the constitution, and remains with the county until such time as the right may be

taken away by the legislature. It does not seem that such a right given by the constitution can reasonably be held to be taken away from a municipal corporation simply by reason of the fact that such corporation in exercising its right to condemn is referred for the procedure to the sections of the statute defining the procedure in cases of private corporations. There have been many sessions of the legislature since the cases above referred to construing the constitutional provision have been decided, and the legislature has at no time passed an act which specifically takes from the counties any right which they might exercise under the constitutional provision until such time as the legislature acted.

It is true, as claimed by the appellants, that the sections of the statute upon which they rely are not referred to in any of the decisions where the question has been considered. But in the case of *Spokane Traction Co. v. Granath, supra,* it is expressly held that the trial court did not err in permitting the prayer of a petition in a condemnation proceeding to be amended by striking out the words "irrespective of benefits." In that case, while the action was brought in the name of a corporation other than municipal, the facts were such that the rule relative to municipal corporations was applied. The prayer of the petition in that case, after the words "irrespective of benefits" had been stricken, was in effect substantially the same as the petition in the present case.

In conclusion upon this branch of the case it may be said that we think the legislature did not intend, in providing that the procedure for condemnation of county roads should be the same as for corporations other than municipal, to take from the county a substantial right given it by the constitution.

One further question will be considered: The appellants requested an instruction which contained the statement that they were entitled to an award in damages based upon the highest and best use from a money standpoint to which the

land was adapted or might be applied. This instruction was properly refused. The fact which the jury was required to find was not the highest and best use of the land from a money standpoint, but its fair cash market value. In determining the market value, any use to which the land may be reasonably adapted should be taken into consideration by the jury. In the instructions given, the jury were told that, in ascertaining the fair cash market value, they should consider the various uses to which the property was adapted. This instruction, while brief, sufficiently covered the issue.

The judgment will be affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and BAUSMAN, JJ., concur.