[No. 22500. Department One. November 20, 1930.]

ORLO W. LITTLE et al., Respondents, v. KING COUNTY, Appellant.[1]

*Ewing D. Colvin, Harry A. Rhodes,* and *Arthur M. Hare,* for appellant.

*Walter B. Allen,* for respondent and cross-appellants.

HOLCOMB, J.—The complaint of respondents in this action alleges that, at all times mentioned therein, they were the owners of certain described real estate in King county, Washington, and that on about June 1, 1929, appellant, acting under the authorization of its board of county commissioners, did trespass upon their lands and surveyed and caused to be graded and did appropriate and deprive respondents of a strip of land in the described lands of respondents, approximately one-eighth of a mile in length and from thirty to sixty feet in width, and did take, appropriate and convert the same for use by appellant for road purposes; that the strip of land so taken, appropriated and converted, contained approximately .683 of an acre. Allegations were then made that respondents were damaged in the sum of fifteen hundred dollars, for which claim had been made to the county commissioners, which was rejected. The answer of appellant admits that it had appropriated for road purposes .683 of an acre of land as alleged in the complaint.

At the trial it appeared that the land in question of respondents had been appropriated by appellant as alleged for road purposes, appellant having purchased most of the right-of-way, but that belonging to respondents had neither been purchased nor condemned. The road was constructed, however, without work being stopped by injunction, and ever since has been used and maintained as a county highway. Thus, the

pleadings and proofs conclusively show an appropriation for road purposes.

After a trial to the court without a jury, the trial court found the value of the land appropriated by the county to be nine hundred dollars, and that the damages to the remainder of respondents' land not taken was three hundred dollars, or a total of twelve hundred dollars. The court stated that, if it were to recognize appellant's claim of offsetting benefits to the remainder of the land not taken, it would equal the total amount it had awarded to respondents.

The court entered findings of fact to the above effect, and it also made conclusions of law to the effect that respondents were entitled to a judgment against appellant for the sum of twelve hundred dollars with interest, and that upon payment of such judgment the title of the lands taken by appellant should vest in appellant free and clear of any and all claims of respondents therein.

Appellant proposed findings of fact substantially the same as those entered by the trial court as presented by respondents, containing a detailed description of the strip of land appropriated, and that the value of the land taken was nine hundred dollars, the damages to the remainder three hundred dollars, and that the benefit to the remainder of the land not taken by the construction and maintenance of the highway is the sum of twelve hundred dollars. Appellant also proposed conclusions of law describing the land taken for the highway in detail, and further to the effect that respondents are entitled to judgment against appellant for the sum of one dollar, with interest:

". . . and that the plaintiffs herein, prior to the drawing down of the money paid upon this judgment into the registry of this court, shall make, execute and deliver to the defendant King county a quitclaim deed

in due form as provided by law for the land and premises above described.''

Judgment, in conformity with the trial court's findings and conclusions in favor of respondents, was entered.

Upon the principal appeal being taken by the county, and within the statutory time, respondents filed a cross-appeal from the finding of fact made by the court to the effect that the remainder of the land of respondents would be benefited to the extent of twelve hundred dollars.

The theory of the trial court, sustaining the contention of respondents, was that, because the county had not proceeded in the regular way to purchase or condemn by eminent domain proceedings the right-of-way across respondents' land, it was a wrongdoer and was not entitled to offset benefits resulting to the land by the construction of a public highway.

Article I, § 16, Washington constitution, reads:

''No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, . . .''

█ From an early day this provision of the constitution has been construed as giving the right to a municipal corporation, when condemning land, to offset benefits to the portion of the tract not taken.

The first cases so decided were *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; and *Lewis v. Seattle,* 5 Wash. 741, 32 Pac. 794.

In the *Lewis* case, without proceeding by eminent

domain proceedings and without having previously caused the assessment of the land owner's damages to have been made, the city simply entered upon the property and proceeded to grade the same as a street, and threw the whole thereof open for the use of the public as a street. It was there held that the right to prepayment guaranteed by the constitution for land appropriated to public use is a personal privilege which the owner may waive; and where a municipal corporation is permitted to proceed in condemnation proceedings without first requiring payment, the proceedings upon the part of the city are not thereby invalidated, but the city's right to the land will become a vested one upon the owner's securing compensation by suit or otherwise. It was also decided that the constitutional provision relating to just compensation for land appropriated for right of way, "irrespective of any benefit from any improvement proposed," has no application to the appropriation of land by municipal corporations for streets.

In *Lincoln County v. Brock,* 37 Wash. 14, 79 Pac. 477, it was held that the words "any corporation other than municipal," in that section of the constitution, referred to private corporations only, and that the county should be considered a municipal corporation within the terms of the constitutional provisions.

The *Brown* and *Lewis* cases, *supra,* were followed by us in *Kaufman v. Tacoma, Olympia & Gray's Harbor R. Co.,* 11 Wash. 632, 40 Pac. 137, where no condemnation had been had and the benefits were offset in behalf of a private railroad company which had proceeded under an ordinance of Olympia. Those cases were also followed in *Jones v. Seattle,* 23 Wash. 753, 63 Pac. 553; *Lincoln County v. Brock, supra; Spokane Traction Co. v. Granath,* 42 Wash. 506, 85 Pac. 261; *Kitsap County v. Melker,* 50 Wash. 29, 96 Pac.

695; *King County v. Crawford & Conover,* 92 Wash. 195, 158 Pac. 733.

The term municipal corporation and the provision respecting offset of benefits by such corporation was held in *Great Northern R. Co. v. State,* 102 Wash. 348, 173 Pac. 40, to be broad enough to include the state itself, inasmuch as it is a public political body as distinguished from corporations of a quasi-public nature. Notwithstanding the criticism of that case by the trial court as not being sound in principle upon that question and as being contrary to *Murphy v. Chicago, Milwaukee & St. Paul R. Co.,* 66 Wash. 663, 120 Pac. 525, the *Great Northern* case was not only sound in principle, but it was not opposed to the *Murphy* case. The *Murphy* case had nothing in common with the *Great Northern* case. No municipality protected by the constitutional provision was involved in that case. The *Great Northern* case was followed and reaffirmed in *State v. Kelley,* 108 Wash. 245, 182 Pac. 942.

The *Murphy* case decided, however, that, while that case was not a condemnation case, it was analogous to such a case, since the only question to be determined was the damage to the land of plaintiffs in that case by reason of the extension of a railway across the street upon which their land abutted; and that the same principles in ascertaining and measuring that damage were involved. To the same effect are *Keil v. Grays Harbor & Puget Sound R. Co.,* 71 Wash. 163, 127 Pac. 1113; *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659, and *Wilshire v. Seattle,* 154 Wash. 1, 280 Pac. 65.

In *King County v. Crawford & Conover, supra,* we said:

"The right of the county to offset benefits against the value of the land taken is derived from the consti-

tution, and remains with the county until such time as the right may be taken away by the legislature.''

Respondents contend that a municipality such as appellant.has no right to offset any benefit its taking may be to the remainder unless the municipality is exercising the right of eminent domain pursuant to statutory provisions therefor. The appropriator had not pursued the statutory method of acquiring the right of way for the highway in the *Lewis* case, *supra,* nor in the *Keil* case, *supra.* It seems to be the spirit of all of our decisions that when, as in this case, the land owner seeks damages for the appropriation of the land and damages to the remainder not taken, he is accorded his full constitutional rights. The net result of all our cases also is that benefits resulting from the construction of a street or highway, where a municipality is the appropriator, must be allowed, regardless of when the land was appropriated, or how. The theory is that the state, or its subdivisions, in appropriating land for highways, is never a trespasser, nor a tort-feasor.

Respondents also contend that, if the land be awarded to appellant in this case, it will take as a fee simple owner, with the right to do with the land thereafter as it chooses. In this connection, respondents argue that there has been no judicial determination of the necessity of taking this land for the road.

In *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192, and in *State ex rel. Schroeder v. Superior Court,* 29 Wash. 1, 69 Pac. 366, it was held that a judicial determination as to the public utility of a county road which has been authorized by the board of county commissioners is not a prerequisite to the appropriation of land therefor under the power of eminent domain.

Under the allegations of the complaint, this land was taken by King county through its duly authorized board of county commissioners for road purposes.

Under the judgment entered, when damages have been paid as required by law, the title to the land shall "vest in the defendant free and clear of any and all claims of the plaintiff therein."

When a municipality acquires land by eminent domain for road or street purposes, it acquires only a conditional fee title. If the road or street be vacated or abandoned, the land reverts to the abutting owners as their respective interests may then be. The above clause of the judgment should have added thereto the following: "for a public road or highway."

That part of the judgment proposed by appellant to the effect that respondents should be required to give a deed to the roadway cannot be upheld under any theory.

The statement in *McPherson Brothers Co. v. Douglas County,* 150 Wash. 221, 272 Pac. 983, relied upon by respondents, after referring to our decision in *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, that the municipality goes not as a trespasser, but as one taking presumptively for the public good, as follows:

"This principle, however, cannot be invoked by the state save when the latter is proceeding in accordance with law and along constitutional lines,"

is of no force here. In that case, while condemnation proceedings were pending by the county against the landowners, the county's agents went upon the premises for the purpose of proceeding with the construction of the road across the premises before the ascertainment of the amount of compensation to the owner and without the owner's consent. The county was enjoined by the lower court, which was affirmed here. The situation there existing was very dissimilar to the situation here.

Upon respondents' cross-appeal there is little to be said. There is ample and competent proof that the

benefits to the remainder of the land of respondents not taken by the construction of this road are equal to or greatly in excess of the twelve hundred dollars the court found as benefits to the remainder of the land.

Upon the foregoing considerations, we conclude that the judgment of the trial court should be reversed and a judgment in favor of respondents in the sum of one dollar nominal damages be entered, and that the judgment proposed by appellant describing the land occupied and appropriated by the highway be entered with the exception of the provision therein that respondents should

". . . make, execute and deliver to the defendant King county a quitclaim deed in due form as provided by law for the land and premises above described,"

which should be omitted from the judgment.

This being in substance a condemnation proceeding as herein held, respondents were entitled to recover their compensation and damages without cost to them. Under the foregoing constitutional provision, we have held that:

"The landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party." *Adams County v. Dobschlag,* 19 Wash. 356, 53 Pac. 339.

Therefore, we conclude that respondents are entitled to costs of appeal herein as well as all costs in the trial court.

Reversed and remanded with instructions to enter judgment and proceed in accordance herewith.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.