[No. 15293.    Department One.    August 13, 1919.]

The State of Washington, *Respondent*, v. William V. Kelley et al., *Appellants*.[1]

Eminent Domain (86-88, 136) — Compensation — Deduction of Benefits—Instructions to Jury. In condemnation proceedings on behalf of the state for the purpose of a public highway, there may be offset against the damages, as special benefits to lands not taken, the enhancement of the market value after the improvement; and the jury is properly instructed that the measure of damages is the market value of the strips taken, together with the depreciation caused by the taking, from which the jury should deduct such sum as the lands were actually benefited or enhanced in value by the construction of the road; and it was not necessary to define general or common benefits and then tell the jury not to consider them.

Appeal by landowners from a judgment of the superior court for Whitman county, McCroskey, J., entered November 25, 1918, upon the verdict of a jury awarding damages in eminent domain proceedings. Affirmed.

*A. E. Gallagher*, for appellants.

*The Attorney General, Glenn J. Fairbrook, Assistant,* and *John H. Dunbar*, for respondent.

Holcomb, C. J.—This appeal involves two proceedings brought by the state to condemn for road purposes certain lands in Whitman county owned by appellants, consolidated for trial and tried together. In the proceedings below, the appellants were designated as respondents.

[1]Reported in 182 Pac. 942.

Appellants assign and rely for reversal of the judgment on alleged errors of the court in refusing to give a certain instruction requested by them, and in giving and refusing to withdraw from the jury certain parts of instructions.

The instruction requested by appellants and refused is as follows:

"You are instructed that, in arriving at your verdict in each of these two cases, you will not consider any general benefit to any of the land involved in either of these two cases by reason of any increased value of such land which is common to the neighborhood or community generally and which arises from the supposed advantage which will accrue to the community generally by reason of the construction of the road in question."

The giving of the following portions of instructions is also complained of, viz.: Part of instruction No. 4, as follows:

". . . from which you will deduct such sum in each case as you may find from the evidence that respondents' respective lands will be actually benefited, that is, materially enhanced in value, by the construction of the road, if you find they are so benefited thereby."

Part of instruction No. 8, as follows:

"If you find that respondents' land in either or both instances are damaged as hereinbefore defined to you more than they are so benefited by the taking of the lands sought to be condemned, then the difference between the amounts of damages found by you under these instructions and the amount of such benefits, in case you find the respondents are so benefited by such taking, should be the amount of your verdict in each of the cases in favor of the respective respondents."

And in giving part of instruction No. 8, as follows:

"If you find from the evidence that the respondents in one or both of the cases are so benefited by the con-

struction and opening of said road as much or more than they are damaged thereby, as damages are hereinbefore defined to you, then you should find for such respondents in either instance in nominal damages only."

On the submission of the case to the jury, they returned a verdict in favor of appellants for $607. A motion for new trial was unsuccessfully interposed, and judgment entered in favor of appellants for the above sum.

It is first contended that the court did not, anywhere during the trial or in its instructions to the jury, define or tell the jury what were special benefits or what were not special benefits that could be considered in these cases in arriving at their verdicts; but instead, by refusing to give the requested instruction and giving those parts of instructions Nos. 4 and 8 complained of, the court permitted the jury to consider the increased market value of the land by reason of the increased facilities of travel caused by the construction of the road. It is earnestly insisted that only such special benefit to the land can be offset against damages as are peculiar and special to the remaining land by in some way affecting the corpus of the remaining land; that this special benefit must be one that is not enjoyed in common, to a greater or less degree, by the neighborhood in general.

These being condemnation proceedings on behalf of the state for the purpose of a public highway, the court followed the principle announced in *Great Northern R. Co. v. State,* 102 Wash. 348, 173 Pac. 40, allowing special benefits to be offset against the damages to the land not taken on behalf of the public, and the only question involved is, What are special benefits which may be offset against damages to the land not taken in such case?

It is true the court did not charge the jury as to what constituted general or common benefits, except to the extent defined in the following instruction:

"You are instructed that the owner of lands through which a highway is established is entitled in common with the general public to travel on such highway, and although by reason of such improvement such travel may be rendered easier or more pleasant for such owner, yet the benefit afforded to him thereby is a general benefit in common with the remainder of the public, and you will not in arriving at your verdict in either of these cases make any deduction from any damages you may find in favor of the owner by reason of this mere right to travel over the proposed highway."

In *Spokane Traction Co. v. Granath,* 42 Wash. 506, 85 Pac. 261, we held that the building of a bridge and opening of same for highway purposes is a special benefit to property abutting on the approach, which may be offset against the damages from a change of grade of the street, and that where a street railway company, under direction of a city, builds a bridge which is to be open to public travel, the special benefits to abutting property may be offset against the damages. In that case we quoted with approval from the decision in *Metropolitan W. S. El. R. Co. v. Stickney,* 150 Ill. 362, 37 N. E. 1098, 26 L. R. A. 773, to the effect that:

"If a piece of property is enhanced in value, such enhancement—or, in other words, benefit to the property, cannot be said to be common to any other piece of property. Each piece of property specially enhanced in value is thus specially benefited within itself, and irrespective of the benefit that may be conferred by the improvement upon other properties. It follows, necessarily, that where the benefits are designated as 'general benefits,' 'benefits common to other property,' and the like expressions, to be found in

decided cases, it is meant those general, intangible benefits which are supposed to flow to the general public from a public improvement. Thus, the paving of a street in a city may confer special benefits upon properties near it by an increase in their value, and at the same time, by the convenience afforded the general public, confer a general benefit.''

The evidence introduced in this case on behalf of the state tended to show that the properties involved were specially benefited by the proposed improvement to the extent that the difference between the market value, before the improvement and after the improvement was laid, of the lands affected not taken by the appropriation would amount to an enhancement of from five to ten dollars per acre.

This, it is claimed by appellants, does not constitute special benefits, but only some actual addition to the lands remaining by reason of some improvement in the corpus or some special facility afforded the land not afforded to other lands of the same character abutting the highway would be considered special benefits, and all other benefits are general benefits. But we held in *Lewis v. Seattle*, 5 Wash. 741, 32 Pac. 794, that:

''It is generally held that only such benefits as are special and peculiar to the particular property can be taken into consideration. But the laying out or widening of a street may be a special benefit to the property abutting thereon, and this benefit may be offset against the damages to the owner whose land is taken therefor, although parties upon the opposite side of the street are similarly benefited and are not chargeable therewith, for the reason that none of their lands were appropriated and no damages were claimed by them.''

In *Hilbourne v. Suffolk*, 120 Mass. 393, 21 Am. Rep. 522, quoted with approval in *Spokane Traction Co. v. Granath*, 42 Wash. 506, 85 Pac. 261, it is said:

''The advantages that an abutter may receive from his location on a highway laid out, altered or widened,

are none the less peculiar and special to him because other estates on the street receive special and peculiar benefits of a similar kind."

The court correctly instructed the jury that the measure of damages in these cases is the fair market value of the strips of land actually taken for the right of way, together with the depreciation, if any, of appellants' lands, caused by the taking of the right of way for the road; or, in other words, it would be the difference between the market value of appellants' lands immediately before and after the appropriation of the right of way for the road, from which the jury should deduct such sum in each case as they found from the evidence that appellants' respective lands would be actually benefited; that is, materially enhanced in value by the construction of the road, if they found appellants were so benefited thereby; that in determining the compensation for the lands taken by the petitioner in each of these cases the jury must determine the fair market value of the strip of land taken for the right of way (then specifying the elements to be considered in determining the fair market value); then finding depreciation, if any from any cause, and the market value of the remainder of appellants' lands, and that then in estimating the respective appellants' damages they should take into consideration the difference, if any, between the value of the respective appellants' lands after the highway is appropriated and built as compared with its value before, and if they found the land would be actually benefited—that is, materially enhanced in value by the construction of the proposed highway—they should offset such benefits against such damages as they might find.

We have read the instructions as a whole and consider that they properly submitted the question of dam-

ages and special benefits to the jury. It was not necessary to define general or common benefits and then tell the jury they could not consider such benefits, but it was sufficient to submit to the jury the exact measure of damages and measure of benefits which they were to consider and determine. This, we consider, was done by the instructions and we find no error therein.

The judgments are affirmed.

MITCHELL and TOLMAN, JJ., concur.

MACKINTOSH and MAIN, JJ., concur in the result.