Joseph FRENEL, Owner, Advanced Special-
ties Company, Appellant,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

Rehearing Denied Feb. 26, 1960.

Fritz Krueger, Russell Jones, Somerset, for appellant.

E. A. Marye, Jr., Frankfort, for appellee.

MOREMEN, Judge.

This is an appeal by a landowner from a judgment entered in a condemnation suit initiated by the Department of Highways.

Appellant, Advance Specialties Company, owns about 23 acres of land situated on U. S. Highway 27, between Somerset and Burnside. The Highway Department intends to enlarge the present two-lane road into a four-lane divided highway. The land being taken amounts to 2.43 acres and fronts for a distance of 938 feet along the road and extends to an average depth of 113 feet.

When the new divided highway is constructed, the remainder of appellant's land not taken will front on the northbound division of the highway for about the same distance as the entire tract now fronts on the old road.

The commonwealth's witnesses who were expert appraisers, used, as an important element in valuation, the fact that when construction of the new highway is com-

pleted the property would have as much highway frontage as it had before the taking.

Appellant contends that under section 13 of our constitution, "just compensation" is the fair market value of the property at the time of the taking without regard to the purpose for which it is taken and without reference to any benefits which may result to the landowner from the taking of his property for public use, and insists the strip should be valued without regard to any supposed enhancement to the remainder of the property which might result from the proposed public road.

KRS 177.083 which lays down rules for the guidance of commissioners in cases of highway condemnation reads in part:

"They shall also award any damages resulting to the adjacent lands of the owner or owners considering the purpose for which it is taken, but shall deduct from such damages the value of the advantages and profits that will accrue to the adjacent lands from the construction and prudent maintenance of the proposed project."

In this case there is no issue as to damages to the remainder of land not taken and that fact precludes application of the rule applied where resultant damages are sought. That rule was recently restated in East Kentucky Rural Electric Coop. Corp. v. Smith, Ky., 310 S.W.2d 535, 537, wherein it is said,

"Special consequential benefits to remaining land by reason of the improvement of the land taken may be offset against incidental damages shown to have resulted to land not taken if the benefits are capable of being estimated in money value, as by the enhancement in the market value of the remaining land,"

but that measure of damages is not pertinent here.

Let us here remember that the right of a citizen to just compensation was created by the constitution and the right to resultant damages was created by a statute. In other words, the statute adds an additional right of recovery to that guaranteed by the constitution. In granting the additional right to the property owner the statute gave an additional right to the condemner to invoke benefits in mitigation of the damages.

This distinction has long been recognized. In Sutton's Heirs v. City of Louisville, 5 Dana 28, 35 Ky. 28, the great Chief Justice Robertson wrote:

"But he has a right to insist on being paid the value of the thing taken from him, although he may be incidentally benefitted, with others, in the appropriation of it to public use. If however, claiming more than the value of the property taken, he seeks indemnity for consequential inconvenience or injury, then the true question will be whether, upon a survey of all advantages, as well as disadvantages, which will be likely to result to him, the balance will be for or against him; and if ascertained to be in his favor, then, of course, he will be entitled to nothing for alleged damages for such inconvenience or injury, because the whole case being properly considered, in all its bearings, he will sustain no damage. Thus, and only thus, advantages and disadvantages may be compared and set off, the one against the other."

In this same opinion, it was pointed out why the benefit from the improvement in good conscience should not be set off against the true value of the property at the time of taking, where it is said:

"Moreover, as every public work should be presumed to be useful to all who may enjoy it, the just equality contemplated by the constitution, would not allow the exaction of the estimated value of the work to one citizen, without making proportionate exactions for that, or some other public object, from others who may also be benefitted. Im-

provements, made for common benefit, should be made by common means, or by a just distribution of the public burthen, by approximating as near equality as may be reasonably expected in the administration of the concerns of a diversified community."

In Elizabethtown & Paducah Railroad Company v. Helm's Heirs, 8 Bush 681, 71 Ky. 681,

"It has been uniformly held by this court that this provision of our organic law entitles the citizen to insist on being paid in money the value of the thing taken from him, although he may be incidentally benefited with others in the appropriation of it to public use."

Other and more recent cases which emphasize the principle that the landowner is entitled to just compensation *in money* for his property at the time of the taking, are: Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S.W. 157, 26 L.R.A.,N.S., 565; Saulberry v. Kentucky & W. Va. Power Co., 226 Ky. 75, 10 S.W.2d 451; Commonwealth v. Combs, 244 Ky. 204, 50 S.W.2d 497, and Commonwealth v. Powell, 258 Ky. 131, 79 S.W.2d 411.

Counsel for the Highway Department argue vigorously that to permit a landowner to recover frontage value on the strip of land actually taken and then to forget completely that the landowner will have the same frontage on the new road constitutes a grave injustice, and cites in support of that position authorities from other jurisdictions.

It is certain, if the road is constructed as planned, that the landowner will receive benefits in the nature of a windfall. This is often the case where a new road is constructed out of taxes paid by persons who sometimes will never even see the road. But regardless of the unusual benefits the landowner may receive in this case, we believe the rule is so firmly imbedded in our law that a departure from it would be an unjustified apostasy.

The testimony of the witnesses introduced by the commonwealth, insofar as it took into consideration the proposed improvement, should be excluded.

The judgment is therefore reversed.