Joseph FRENEL, Owner Advance Specialties Company, Appellant,

v.

COMMONWEALTH of Kentucky DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

June 22, 1962.

As Modified on Denial of Rehearing Nov. 9, 1962.

W. R. Jones, Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., F. D. Curry, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This is the second appeal by a land owner from judgments entered in a condemnation suit initiated by the Department of Highways. The opinion in the first appeal may be found in Ky., 331 S.W.2d 710.

Appellant owns about 23 acres of land situated on U. S. Highway 27 between Somerset and Burnside. The Department of Highways is enlarging the present two-lane road into a four-lane divided highway. The land being taken amounts to about 2.63 acres, 2.43 of which is being condemned for highway purposes and the remaining .2 of an acre for easements through which to extend drainage pipe. The strip is about 113 feet in depth and 938 feet long. When the new divided highway is completed the remainder of appellant's land, not taken, will front on the new highway for about the same distance as the entire tract now fronts on the old road. Although the proof in this case is not exhaustive concerning the physical nature of the whole 23 acre tract of land, it seems reasonably plain from the testimony had and from exhibits filed in the record that the tract is fairly uniform. Appellant had purchased it as as factory site in 1955.

Appellant contends that on the re-trial of this case the value of the strip taken should not have been measured with reference to the entire tract, but that the testimony as to value should have been limited

to the value of the strip as frontage property at the time of the taking. It is contended that testimony of the witnesses should have been limited strictly to the value of the strip individually and separately as frontage property which adjoined the old two-lane highway and the strip should have been valued and appraised independently and without relation to its being a part of the entire tract.

We have many times said that when land is taken for highway purposes, the difference between the fair market value of the whole premises before the taking and the fair market value of the remainder immediately afterwards is a true measure of compensation to be awarded the landowner. Commonwealth v. Moore, Ky., 267 S.W.2d 531; Gulf Interstate Gas Co. v. Garvin, Ky., 303 S.W.2d 260; Com., Dept. of Highways v. Stamper, Ky., 345 S.W. 2d 640. So one is not permitted to slice off a part of the tract and value it without regard to the entire tract. Just compensation is determined by fixing the diminished value of the tract after the taking.

We have said on at least two occasions that the value of a tract of land taken by condemnation is to be measured with reference to the entire tract. Com., Dept. of Highways v. Blanton, Ky., 352 S.W.2d 545, and Com., Dept. of Highways v. Hall, Ky., 353 S.W.2d 548. The rule cuts both ways. In the latter case, it was said:

"The instructions given were offered by the appellant and were approved in Commonwealth v. Combs, 244 Ky. 204, 50 S.W.2d 497. The jury was advised to consider the tract taken 'in relation to the entire tract of which it is a part.' It is argued that the value of the part taken should be in direct proportion to the value of the entire tract as the area of the part taken is to the area of the entire tract. That theory is not well taken because the part taken may be the only valuable portion of the entire tract and still comprise but a fraction of the whole. Here in fact the part taken was the most valuable portion of the tract because it was level and the part remaining was hilly."

In the instant case it was not shown that the most valuable portion of the tract was taken. The argument seems to be based solely upon the supposition that the "frontage" was lost for the entire tract. This is not so because the tract after completion of the highway will still have about the same amount of front footage.

"Frontage" value may be considered nothing more than the value that derives from convenient, direct access to the highway. The right of such access ordinarily is appurtenant to the entire tract, and so long as the tract continues under single ownership it cannot be said that the value attaches to the front portion of the tract any more than to the back. The value from the right of access can attach specifically to the front portion only by a conveyance of the right along with a conveyance of the front portion which results in destroying or lessening the access to the highway from the back portion. But in the ordinary highway widening situation the right of access is not taken by the condemnation and the front portion is not devoted to a use that impairs the access of the back portion—on the contrary, it is converted to a use which leaves all of the right of access attaching to the back portion. No part of the right of access is taken along with the front portion, by the condemnation, and no new right of access is created for the back portion; the formerly existing right of access simply adheres to the back portion. So no "frontage" value has been taken by the condemnation nor has the value of the remainder of the tract been enhanced by any newly created frontage rights. To the extent that the opinion on the former appeal of this case, Ky., 331 S.W.2d 710, may be considered to have expressed a contrary view, we believe it is in error, and sufficiently so that we are not required, under the "law of the case" rule, to abide by it. See Union Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539.

We believe the testimony introduced by the Commonwealth was competent ·and was based upon the proper theory of valuation which aided the jury in fixing a fair value for this property.

The judgment is therefore affirmed. ·