[No. 44191.  En Banc.  May 11, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS W.
GREEN, ET AL, *Defendants*, ROBERT C. STUDE-
BAKER, ET AL, *Appellants*.

*Olwell, Boyle & Hattrup, Lee Olwell, Short, Cressman &
Cable, Douglas R. Hartwich,* and *Margaret A. Evans,* for
appellants.

*Slade Gorton, Attorney General,* and *Chris C. Leady, Assistant,* for respondent.

HAMILTON, J.—Condemnees appeal a judgment granting compensation. They urge certain testimony should have been excluded by the trial court. We agree and reverse.

Appellants own real property located in King County, Washington. The State sought their property for highway construction and began a condemnation action in 1972. The case was originally tried in 1973; however, for reasons irrelevant here, the appellants were granted a new trial. This appeal results from that trial.

Prior to the second trial, the legislature enacted Laws of 1974, 1st Ex. Sess., ch. 79, §§ 1-6, which permit condemnees to defer the offset of special benefits accruing to their remaining land. The appellants elected to proceed under this act and, in addition, offered to waive any claims for damages to their remaining land if the trial court granted a motion to exclude testimony about special benefits. This motion was denied. Instead, the court, over objection, determined that testimony regarding special benefits was admissible to explain appraisal and valuation methods. Further, the court approved the before–after and frontland–backland appraisal methods.

When trial commenced, the jury viewed appellants' property. It consisted of approximately 6.16 acres of which the State sought a roughly U–shaped portion consisting of 4.54 acres.

The State's valuation testimony came from two appraisers who utilized the court–approved methods. The State also presented the testimony of a highway engineer who described proposed signing, lighting, access and traffic counts likely to accompany highway completion. The appellants continually objected to all testimony which touched upon the subject of special benefits, and the court overruled these objections.

After a lengthy trial, the case was submitted to the jury with instructions that evidence regarding special benefits

was admitted only to permit witnesses to explain valuation. The court further instructed the jury that special benefits might be the subject of a later trial and thus were not to be deducted from the award of just compensation. Interrogatories were devised to assist the jury in calculating just compensation.[1] After deliberation, the jurors awarded the appellants $98,958.

The question we are asked to address concerns trial procedure under RCW 8.25.220 (special benefits to remaining property), which is part of the Laws of 1974, 1st Ex. Sess., ch. 79.[2] Appellants argue the statute requires, once an election is made to proceed thereunder, that the court exclude testimony regarding special benefits.

█ Special benefits are those which add value or convenience to a condemnee's remaining property as distinguished from those arising incidentally and enjoyed by the public generally. *State v. Kelley*, 108 Wash. 245, 182 P. 942 (1919); 3 J. Sackman, *Nichol's Eminent Domain* § 8.6203 (3d ed. rev. 1977).

---

[1] "INTERROGATORY No. 1: What is the value of the owner's entire property (268,489 square feet or 6.16 acres) before the taking by the state for the new highway construction?
". . .

"INTERROGATORY No. 2: What is the value of the 197,916 square feet (4.54 acres) taken by the state?
". . .

"INTERROGATORY No. 3: (a) What is the total value (including benefits, if any) of the owners' remaining property (70,573 square feet or 1.62 acres) after the taking by the state?
". . .

"(b) Of this value, how much (if any) is attributable to benefits accruing to the 1.62 acre remainder?
". . .

"INTERROGATORY No. 4: Make the following computation: What is the value of the remainder without benefits?
". . .

"INTERROGATORY No. 5: Make the following computation: What is the just compensation to the owner?"

[2] Laws of 1974, 1st Ex. Sess., ch. 79, §§ 1–6, consists of RCW 8.25.210, .220, .230, .240, .250, and .260.

It is the purpose of RCW 8.25.220

to provide procedures whereby more just and equitable results are accomplished when real property has been condemned for a highway, road, or street and an award made which is subject to a setoff for benefits inuring to the condemnee's remaining land.

RCW 8.25.210.

This purpose is accomplished by providing procedural options for condemnees. The option chosen by appellants was RCW 8.25.220(4). It allows owners to demand a trial to establish the fair market value of their property and damages, if any, to the remainder property *without* offsetting the amount of special benefits accruing to the remainder property. In order to take advantage of this option, the property owner must consent to a lien against any remaining property. This lien secures the State's claim for any special benefit offset. RCW 8.25.220(4).[3] The lien may be satisfied by several statutory methods. *See* RCW 8.25.230.[4]

---

[3] "Whenever land, real estate, premises or other property is to be taken or damaged for a highway, road, or street and the amount offered as just compensation includes a setoff in recognition of special benefits accruing to a remainder portion of the property the property owner shall elect one of the following options:

". . .

"(4) Demand a trial before a jury unless jury be waived to establish the fair market value of any property taken and the amount of damages if any caused by such acquisition to a remainder of the property without offsetting the amount of any special benefits accruing to a remainder of the property.

"The selection of the option set forth in subsections (3) or (4) of this section is subject to the consent by the property owner to the creation and recording of a lien against the remainder in the amount of the fair market value of any property taken plus the amount of damages caused by such acquisition to the remainder of the property without offsetting the amount of any special benefits accruing to a remainder of the property, plus interest as it accrues." RCW 8.25.220.

[4] "A lien established as provided in RCW 8.25.220 shall be satisfied or released by:

"(1) Agreement between the parties to that effect; or

"(2) Payment of the lien amount plus interest at the rate of five percent per annum; or

"(3) Payment of the amount of offsetting special benefits as established pursuant to RCW 8.25.220(3) plus interest at the rate of five percent per annum

Under RCW 8.25.230(4), either the condemnor or the condemnee may request a second, later, trial to establish any change in value of the remaining property resulting from the construction project. After this determination is complete, an offset may or may not be made, depending upon the presence or absence of special benefits.

There is obvious inequity in allowing a present offset of yet–to–be constructed special benefits. Some benefits may eventually accrue to the property while others may not. And, the value of the special benefit is, to a degree, speculative prior to completion of any construction project. It is clear our legislature enacted the above statutes and has allowed condemnees to postpone the determination of special benefits, if any, in order to remedy this inequity and achieve more just results in condemnation cases. RCW 8.25.210. It has prescribed a bifurcated proceeding by which valuation of special benefits is separately determined. The separate valuation proceeding helps insure against speculative special benefit offsets. Both condemnor and condemnee benefit from a precise determination of special benefits.

By virtue of this statutorily prescribed, bifurcated proceeding, the value of special benefits is not directly in issue at the first trial. Respondent urges, however, that testimony regarding special benefits is nonetheless relevant and admissible because appraisers must discuss benefits in order to give a plausible explanation for a given valuation.

---

within four years of the date of acquisition; or

"(4) Satisfaction of a judgment lien entered as a result of a trial before a jury unless jury be waived to establish the change in value of the remainder of the original parcel because of the construction of the project involved: *Provided,* That if the result of the trial is to find no special benefits then the lien is extinguished by operation of law. Trial may be had on the petition of any party to the superior court of the county wherein the subject remainder lies after notice of intent to try the matter of special benefits has been served on all persons having an interest in the subject remainder. Such notice shall be filed with the clerk of the superior court and personally served upon all persons having an interest in the subject remainder. Filing a notice of intent to try the matter of special benefits shall be accompanied by a fee in the amount paid when filing a petition in condemnation.

"(5) Upon expiration of six years time from the date of acquisition without commencement of proceedings to foreclose the lien or try the matter of special benefits to the remainder of the property, the lien shall terminate by operation of law." RCW 8.25.230.

We find this argument unpersuasive inasmuch as our review of the law applicable to valuation leads us to conclude it is both possible and reasonable to value property at the time of appropriation without regard to *special* benefits. *See* 4 J. Sackman, *Nichol's Eminent Domain* § 12 (3d ed. rev. 1977); *see also Territory of Hawaii v. Adelmeyer*, 45 Haw. 144, 363 P.2d 979 (1961).

 Further, in this case, appellants expressly offered to waive damages to their remaining property and simplify the valuation issue. Had the court accepted this offer, explicit testimony regarding damage reducing factors, such as special benefits, would have been completely unnecessary, because the only issue would have been the value of the property taken. Since the prejudicial nature of special benefits testimony would outweigh its probative quality, it should have been inadmissible. *See* 5 R. Meisenholder, Wash. Prac. § 1 (1965) and *Rothman v. North Am. Life & Cas. Co.*, 7 Wn. App. 453, 456, 500 P.2d 1288, *review denied*, 81 Wn.2d 1008 (1972).

In enacting RCW 8.25.010 *et seq.*, the legislature no doubt recognized that testimony regarding special benefits could be prejudicial to a condemnee's *constitutional* right to just compensation. In appellants' case, for example, the State's witness described in detail the new highway; photographic exhibits of typical highway signs were admitted into evidence. The jury was then instructed special benefits might be the subject of a later trial. The evidence and instructions only served to confuse the jurors.[5] Such confusion hardly furthers the legislative purpose of reaching just and equitable results in cases of this sort.

---

[5]The jurors' confusion is evidenced by the following missive sent to the court from the jury room:

"What is meant by the reference to the special benefits in relation to the referred to possibility of a later trial.

"Does this mean is it possible that the State will want to participate in the possible appreciation of the remaining subject property?

"Reference: Instruction #15"

██ The prejudicial nature of speculative special benefits testimony, the statutory scheme, and expressly stated statutory purpose convince us the legislature intended to preclude extensive testimony about special benefits in initial trials under RCW 8.25.220. This is inherent in the operation of these statutes. The legislature hardly intended that the value of special benefits be determined in the first trial under a theory of valuation and then *redetermined* in a later trial. Further, respondent loses nothing by operation of this statute, as its interest in any offset is secured by a lien. At a later time a determination of the presence or absence of special benefits can be realistically made, and the amount, if any, due the condemnor may be fully recovered.

We hold, therefore, that if a condemnee exercises the statutory right to defer the offset of special benefits, the trial court must exclude specific evidence of special benefits. The court's failure to do so in this case was reversible error not cured by the interrogatories. While we adopt no rigid rule prescribing valuation formula in proceedings under RCW 8.25.220, we also hold that, under the facts of this case, use of the frontland–backland method was error.

██ The frontland–backland theory is, as respondent notes, premised on the replacement or relocation of frontage. It has application in certain street widening cases. *Deer Valley Indus. Park Dev. & Lease Co. v. State*, 5 Ariz. App. 150, 424 P.2d 192 (1967); *Frenel v. Commonwealth of Kentucky Dep't of Highways*, 361 S.W.2d 280 (Ky. 1962). In this case, the condemned property was a U–shaped parcel; the remainder property was somewhat rectangular in shape. Much, if not all, of appellants' existing frontage was taken. The proposed construction would not merely replace this frontage. Rather, the appellants' property would receive general, indirect, and possibly less convenient access to the new highway. The facts demonstrate this is not a case where frontage was to be replaced. Thus, the frontland–backland method was inappropriate.

In addition, the eventual relocation of the highway may significantly alter the character of appellants' property and may convey a *special* benefit upon the property. *See* 3 J. Sackman, *Nichol's Eminent Domain* § 8.6203(3) (3d ed. rev. 1977). The frontage value would therefore be an item properly within the scope of the special benefits valuation proceeding. It was improperly presented in the first trial.

Accordingly, we reverse and grant appellants' request for a new trial.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.